```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

FRANK BRUNKER,                  )
                                )
          Plaintiff             )
                                )
     v.                         )   Case No. 2:04 cv 478
                                )
SCHWAN'S HOME SERVICE, INC.,    )
                                )
          Defendant             )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel Discovery filed by the plaintiff, Frank Brunker, on February 8, 2006, and the Motion for Ruling on Defendant's Objections to Plaintiff's Discovery Requests filed by Brunker on February 8, 2006. For the reasons set forth below, both of these motions are **DENIED,** and sanctions are **AWARDED** in favor of the defendant.

Background

This discovery dispute stems from a straightforward discrimination case in which the plaintiff, Frank Brunker, alleges one count of discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112 *et seq.*, and one count of retaliation under the ADA. The defendant contends that Brunker, a former route manager with Schwan's, was fired for failing to service numerous customers.

Brunker contends that the defendant's answers to his First and Second Sets of Interrogatories and First and Second Requests for Production are deficient. Brunker also seeks to compel one of his former supervisors to answer deposition questions regarding the reasons the supervisor resigned from Schwan's.

Discussion
---

Federal Rule of Civil Procedure 37(a)(4)(B) states that when the party who has filed a motion to compel was not substantially justified in his position, the court shall "require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion." Under this Rule, "substantially justified does not mean 'justified to a high degree,' but rather 'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." *Eley v. Herman*, No. 1:04-CV-416, 2005 WL 3115304, at *3 (N.D. Ind. Nov. 21, 2005) (*quoting* *Pierce v. Underwood*, 487 U.S. 522, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). The fee shifting requirement in Rule 37 "encourages [the] voluntary resolution [of discovery disputes] and curtails the ability of litigants to use legal processes to heap detriments on adversaries . . . without regard to the merits of their claims." *Rickels v. City of South Bend*, 33 F.3d 785, 786-87 (7th Cir. 1994).

Brunker is wholly unjustified in all of his requests at this point in the case. For example, prior to Brunker's motion, Schwan's twice supplemented its response to an interrogatory asking for all facts and law that support its affirmative defenses, first rightfully denying that the plaintiff is entitled to legal analysis in an interrogatory response and second, enumerating Schwan's defenses. Despite this fully adequate answer, which explicitly stated that the only reason Brunker was

fired was that he failed to service customers, Brunker continues to seek additional information on employees who have failed to follow Schwan's uniform policy or have kept inaccurate route books because Brunker believes these failures may have been reasons he was terminated.  Considering that the defendant voluntarily has limited its reason for termination to the issue of servicing customers, uniform and route book deficiencies have no relevance.

Likewise, the plaintiff is not entitled to information regarding other employees on light duty work.  According to his deposition, Brunker never requested light duty work during his employment, and so Schwan's accommodation of other employees in this respect is not relevant to this case.

Equally irrelevant are Brunker's numerous requests for information on discrimination training, educational posters, complaint forms, etc. at Schwan's.  Although neither party provided the court with Brunker's deposition, Brunker does not refute that he testified that he was aware of how to complain about discrimination but never did.  In light of Brunker's testimony, these documents and videos are totally unnecessary to determine Brunker's level of knowledge.

Brunker also seeks the names of witnesses and all evidence to be used at trial, threatening Schwan's with motions to exclude this evidence if not produced at the discovery stage.  However, the defendant already has indicated, and provided, all information it intends to use in a dispositive motion and has stated its

3

readiness to reveal trial witnesses in compliance with the court's scheduling order regarding the same.  There is no federal rule requiring a party to produce a full and final trial exhibit and witness list in response to discovery and ahead of the deadlines set by this court in a Federal Rule of Civil Procedure 16(b) conference.

Brunker's requests for information on Schwan's workforce and the gross sales and net income of Schwan's and any parent entity also are not made in good faith.  Schwan's already has admitted that it is subject to the ADA, and so the workforce information is not relevant to this case.  As for the income information, the ADA does not provide for compensatory or punitive damages on a retaliation claim. *See* ***Kramer v. Banc of America Securities, LLC***, 355 F.3d 961, 965 (7th Cir. 2004).  While these damages are available in Brunker's discrimination claim, they are not awarded commensurate with the defendant's income.  *See* 42 U.S.C. §1981a(b)(3); ***Kramer***, 355 F.3d at 965 (tracing the statutory adoption of remedies under the ADA). Rather, they are awarded commensurate with the number of workers the defendant employs. *See* 42 U.S.C. §1981a(b)(3).  Thus, the plaintiff's request has no legal basis. In the event that this case proceeds to trial, this court will permit discovery of the number of Schwan's employees so that a suggestion of punitive damages may be properly formulated.

The plaintiff also has no legal basis for requesting the evaluations, qualifications, applications, resumes, exit inter-

views, reasons for termination, and sales records of "each and every route manager from 1991 to the present." A "comparator" to the plaintiff under the ADA does not mean, nor has it ever meant, every employee with the same job description as the plaintiff during the entire period of the plaintiff's employment. Instead, an employee is similarly situated to the plaintiff if he is

> similarly situated with respect to performance, qualifications, and conduct. . . . This normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.
>
> *Radue v. Kimberly Clark Corp*., 219 F.3d 612, 617-18 (7th Cir. 2001)

The plaintiff's request therefore is grossly overbroad, and the defendant was fully justified in objecting to it. Moreover, considering Schwan's two extensive, legally supported explanations for its refusal to provide a response to this interrogatory, the plaintiff has no good reason for continuing to insist that the defendant answer without first attempting to narrow his request consistent with the law in this Circuit. The plaintiff's requests for personnel files fails for the same reason.

In addition, the plaintiff seeks to compel several pieces of information that the defendant repeatedly has explained it does not have. For example, the plaintiff continues to seek a copy of the plaintiff's routes, despite Schwan's explanation that routes constantly change and that it no longer has records of Brunker's

5

routes for that reason.  In addition, the plaintiff wants information regarding an individual named "Tito," but Schwan's has explained that it does not know of any employee by the name of "Tito." While the plaintiff may not like these answers, the plaintiff may not continue to demand more or different answers to questions that the defendant already has answered to the best of its knowledge.

Finally, the plaintiff's attempts to reopen the deposition of Zoltan Szabo, a former supervisor of Brunker, are little more than harassing. Szabo was Brunker's supervisor for three months and resigned eight months before Brunker was terminated.  He already has testified that he resigned following a dishonest statement or act at a social gathering while under the influence of alcohol.  His resignation had nothing to do with Brunker's termination, and it is not clear that Szabo even had any input into the events leading towards Brunker's termination.  Furthermore, Brunker testified that Szabo treated him fairly and that Brunker had no complaints about him.  Under these circumstances, the specific reason for Szabo's resignation has no bearing on this case.

The plaintiff is manifestly unreasonable and harassing in his discovery requests, and his position is not substantially justified.  Therefore, counsel for the plaintiff shall pay the defendant's attorneys' fees and costs associated with responding to the motion to compel and motion for ruling on the defendant's objections.

_____

For the foregoing reasons, the Motion to Compel Discovery filed by the plaintiff, Frank Brunker, on February 8, 2006 is **DENIED,** and the Motion for Ruling on Defendant's Objections to Plaintiff's Discovery Requests filed by Brunker on February 8, 2006 is **DENIED**.  The defendant SHALL FILE an affidavit of attorneys' fees and costs incurred in responding to these two motions by April 14, 2006, to be paid by counsel for the plaintiff.

ENTERED this 3rd day of April, 2006

s/ ANDREW P. RODOVICH
United States Magistrate Judge

7