```
                      UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION

FRANK BRUNKER,                    )
                                  )
         Plaintiff                )
                                  )
    v.                            ) Case No. 2:04 cv 478
                                  )
SCHWAN'S HOME SERVICE, INC.,      )
                                  )
         Defendant                )
```

OPINION AND ORDER

This matter is before the court on the Motion to File an Oversized Brief in Response to Defendant's Motion for Summary Judgment (DE 90) filed by the plaintiff, Frank Brunker, on October 31, 2006 and the Motion for Leave to File Surreply to Plaintiff's Motion to Strike and for Attorney Fees and Costs (DE 101) filed by the defendant, Schwan's Home Service, Inc., on December 14, 2006. The plaintiff's Motion to File an Oversized Brief is **GRANTED in part** and **DENIED in part**. The defendant's Motion for Leave to File a Surreply is **DENIED.**

BACKGROUND

The plaintiff, Frank Brunker, alleges that Schwan's violated the Americans with Disabilities Act when it refused to give him light duty work as a result of his disability and when it terminated him for pretextual reasons. On September 19, 2006, the defendant filed its Motion for Summary Judgment. On October 31,

1

2006, Brunker simultaneously filed a 52-page response to the defendant's Motion for Summary Judgment and a Motion for Leave to File this oversized brief.

Local Rule 7.1(d) provides that "permission to file briefs in excess of these page limitations will be granted only upon motion supported by extraordinary and compelling reasons." The rule clearly anticipates that a party seek this permission prior to filing an oversize brief. The plaintiff ignored this requirement and, accordingly, this brief has not been properly filed.

Brunker's reasons for filing a 52-page response fall well short of the rule's "extraordinary and compelling" standard. In fact, Brunker makes no statement in support of this filing that could not be made regarding every case filed in this court. For example, in a single paragraph, Brunker states that an additional 27 pages are necessary so that the court may consider allegations of retaliation and to permit him to cite to deposition testimony not cited to by the defendant. Certainly, every case that alleges retaliation, whether under the ADA, Title VI or other federal civil rights provisions, must present facts and arguments for the court to consider. Every brief filed in this court also must provide citations to evidence and law. Brunker offers no indication why, in this instance, over 50 pages are required to accomplish this.

In his reply brief, Brunker attempts to raise the new argument that because Local Rule 56.1 permits a statement of material facts to be provided as an appendix rather than within the brief, "it may be excluded from the page limit." First, a statement of material facts is contained in a brief *supporting* summary judgment. Brunker has filed a response in opposition. However, a response brief is subject to the same argument regarding its "statement of genuine issues."

Brunker, in arguing that this portion of his brief simply may be moved into an appendix and excluded from the local rule's limits, overlooks the fact that his statement has failed to recognize that a "genuine issue" is a "material fact as to which it is contended there exists a genuine issue necessary to be litigated." Local Rule 56.1(a). The purpose of this rule is to sort the material from the immaterial. See **Goltz v. University of Notre Dame du Lac**, 177 F.R.D. 638, 639 (N.D.Ind.,1997)("District courts are not obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions.") The rule presents a two-fold requirement that the party opposing summary judgment limit itself to that which is material and in dispute. **Ballance v. City of Springfield**, 424 F.3d 614, 616 -617 (7th Cir. 2005)(*quoting* **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202

3

(1986))("Material facts are facts that 'might affect the outcome of the suit' under the applicable substantive law.  A dispute over material facts is genuine if 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'")

Brunker ignores this standard. His so-called statement of genuine issues, 73 numbered paragraphs covering approximately 20 pages, is filled with statements that are not disputed, not material, or statements of legal conclusions. As one example in his brief, Brunker notes that he suffers from multiple sclerosis and cites to four of these numbered paragraphs. Brunker then states, "Schwans is not disputing this fact."

Accordingly, the court is not required to address the further argument that Brunker might avoid Local Rule 7.1 by moving its statement of issues into an appendix. However, the court notes that it does not agree with the plaintiff's attempt to read Local Rule 56.1 to circumvent the plain language of Local Rule 7.1. The brief filed on October 31, 2006 (DE 91) is **STRICKEN**. Plaintiff is granted leave to file a response not to exceed 30 pages and otherwise consistent with the rules of this district no later than **January 8, 2007**. The defendant may file a reply no later than **January 22, 2007.** No extensions to these deadlines will be granted.

The parties' second dispute concerns the Motion to Strike filed by the plaintiff and the defendant's Motion to File a Surrreply to that motion. The plaintiff, in response, has stated that should the court grant this motion, he seeks leave to file his own surreply to Schwan's surreply.

Local Rule 7.1(a) provides for the filing of a supporting brief or motion, a response, and a reply. Because it grants no provision for the filing of a surreply, the rule represents the drafter's conclusion that, in the ordinary course of events, a brief, response and reply provide a sufficient mechanism for the resolution of matters in this district. Further, the ability to file a supplemental brief may be gained only by leave of the court and by the showing of some factor that justifies a deviation from the rule. *Goltz*, 177 F.R.D. at 641 n. 3 (collecting cases that describe the standard necessary to justify supplemental briefing.); *see also* **Archdiocese of Milwaukee v. Underwriters at Lloyd's, London**  955 F.Supp. 1066, 1070 (E.D.Wis.1997)

The underlying issue, to be resolved by the district court, regards the defendant's statement that it has limited its reasons for terminating the employment of Brunker to his "failure to service" customers. The plaintiff accuses the defendant of making this statement on one hand, but expanding these reasons on the other in the guise of defenses to Brunker's prima facie case,

5

specifically the second step regarding whether Brunker was meeting the legitimate expectations of his employer.

The district court will resolve this issue. This court's concern simply is whether more briefing will aid the district court in this process. This court concludes that it will not. The issue at the center of Brunker's motion to strike has been confronted directly in the parties' arguments dating back at least to this court's rulings on discovery disputes. *See e.g.* Opinion and Order, April 3, 2006; Order, June 21, 2006.

Schwan's first states that a surreply in necessary to respond to Brunker's request for additional discovery. Brunker, in his motion strike asked the court, in the alternative, to stay the briefing schedule to permit further depositions. Schwan's had the opportunity to address this concern in its response brief. In his reply, Brunker's insistence that Schwan's has withheld relevant documents is derived from his on-going argument that Schwan's has not actually limited its stated reasons for terminating Brunker to his failure to service customers and instead has introduced further reasons under the guise of defenses to Brunker's prima facie case. Brunker has cited to case law in support of this argument. However, that fact does not transform this belabored discussion into a new issue justifying another round of briefs. *See e.g.* **Archdiocese of Milwaukee,** 955 F.Supp. at 1070 ("The rule does not provide for

6

briefs in response to replies, such as the defendant's surreply brief which responds to an 'additional issue; in the plaintiff's reply brief. If the defendant's brief is permitted, the plaintiffs may wish to file a reply to defendant's surreply. However, at some point, briefing must end."); ***Adler & Drobny, Ltd. v. U.S.*** 9 F.3d 627, 631 n. 13 (7th Cir.1993) The claims, defenses, and relevant evidence in this matter are fully capable of resolution by the district court. In light of the history of this case and the briefing already accomplished on the plaintiff's motion to strike, the Motion for Leave to File Surreply is **DENIED**.

Finally, the numerous extensions of time and subsequent briefing following the defendant's Motion for Summary Judgment infringe on the trial date of February 20, 2007. Accordingly, the deadlines for filing trial material, the final pretrial conference and the jury trial are **VACATED**. This matter is set for a telephonic status conference on **Friday, May 4, 2007 at 10:00 a.m.**

For the foregoing reasons, the Motion to File an Oversized Brief in Response to Defendant's Motion for Summary Judgment (DE 90) filed by the plaintiff, Frank Brunker, on October 31, 2006, is **GRANTED in part** and **DENIED in part**. The Motion for Leave to File Surreply to Plaintiff's Motion to Strike and for Attorney Fees and Costs (DE 101) filed by the defendant, Schwan's Home

7

Service, Inc., on December 14, 2006 is **DENIED**. The trial settings in this matter are VACATED and this matter is set for a telephonic status conference on **Friday, May 4, 2007 at 10:00 a.m.** Court to initiate the conference call.

    **ENTERED** this 27th day of December, 2006.

                              s/ Andrew P. Rodovich
                              United States Magistrate Judge